Argued April 8, affirmed May 3, 1977

# TAKKO, *Appellant,*
## *v.*
# PETER PAN SEAFOODS, *Respondent.*
### (TC CC74-441, SC 24717)
### 563 P2d 710

Hayes Patrick Lavis, Astoria, argued the cause for appellant. With him on the brief were Anderson, Fulton, Lavis & Van Thiel, Astoria.

Jerry K. McCallister, Astoria, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Howell, Lent and O'Connell, Justices.

PER CURIAM.

## PER CURIAM.

This is an action for breach of a contract for the sale of a fishing boat to defendant.[1] Defendant demurred to the complaint. The court sustained the demurrer and plaintiff appeals.

The present action was filed on September 10, 1974. Defendant demurred on the ground that the complaint revealed on its face that the action had not been commenced within the time permitted by statute. The demurrer was sustained on the ground that the four-year limitation period prescribed in ORS 72.7250 barred the action. Plaintiff filed a motion requesting the court to reconsider its ruling on defendant's demurrer.

In support of that motion, counsel for plaintiff did not argue that the four-year limitation period had not run in this case; he contended that the case was controlled by ORS 12.220, which provides as follows:

"Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

In an affidavit accompanying a motion to reconsider the order sustaining the demurrer, plaintiff revealed that a previous action had been filed in 1972 which terminated in an involuntary nonsuit entered on September 19, 1973. The complaint in the former action reveals that both the former action and the present action involved the same transaction. It also

---

[1]The complaint is so vaguely worded that it is difficult to determine whether plaintiff purports to allege a breach of contract or a conversion by defendant after an attempt to consummate a contract failed.

reveals that the two actions were brought on different theories, the first action being for the conversion of the boat and equipment and the present action being for breach of contract.

At the time of the argument on the demurrer, plaintiff asserted that numerous authorities supported her position that under ORS 12.220 it was legally proper to file a contract action within one year after dismissal of a previous tort action based upon the same fact situation, contending that both were based upon the same cause of action. The trial judge expressed his doubt as to the correctness of this assertion but granted plaintiff time to present authorities in support of plaintiff's contention before ruling upon the demurrer.

In denying plaintiff's motion to reconsider, the trial judge, in a letter to counsel, explained the basis of his ruling as follows:

"It should also be noted that the complaint contains nothing regarding the previous action for conversion nor the fact that Judge Bohannon granted a nonsuit. Neither does the complaint herein indicate the character of the previous cause of action as being in tort.

"Based upon the foregoing, it would seem that this motion could be denied on the basis of lack of timeliness, the fact that the face of the complaint in question does not contain any factual pleading supporting plaintiff's contentions, and also the fact that the statute of limitations bars this action. However, I have read the authorities that plaintiff has now submitted in her affidavit supporting her motion to reconsider. These authorities establish nothing more that [sic] the well known legal principle that a plaintiff may file over within one year after an order dismissing her previous proceeding by way of involuntary nonsuit on the same cause of action. It must still be noted however that plaintiff has failed to provide any authorities to indicate that an action on contract is the same cause of action as an action in tort. Therefore, the motion to reconsider will be denied upon the same grounds upon which the Court entered its order sustaining the previous demurrer."

Leaving aside the question of whether either ORS 72.7250 or 12.220 are applicable, we think the trial court properly sustained the demurrer on the ground that she failed to plead facts relating to the previous action, thus leaving the court without anything more than the recitation in plaintiff's motion to reconsider as a basis for making a ruling on the matter.

Judgment affirmed.